(No. 5652. Decided August 15, 1905.)

Anna Shaw, *Respondent, v.* The City of Seattle,
*Appellant.*[1]

Municipal Corporations—Negligence—Streets—Fall From Tem-
porary Sidewalk — Contributory Negligence — Evidence — Suffi-
ciency. In an action for personal injuries sustained in a fall, in the
night-time, from a temporary unguarded sidewalk, the evidence does
not show, as a matter of law, that the plaintiff was guilty of con-
tributory negligence, where she was not aware of the changed and
dangerous condition of the street, the night was dark, and no signal
lights or guards were provided.

Damages—Excessive Verdict—Reduction. A verdict for $8,000
damages for personal injuries sustained in a fall from a temporary
sidewalk is excessive, where it appears that the plaintiff, a woman
forty-three years of age, engaged in keeping boarders and capable
of earning from $60 to $90 per month, received a serious fall, but
was able to walk several blocks and do some shopping, that she was
confined for six weeks and incurred $250 expense for medical attend-
ance, that the permanent injury principally relied upon was aggrava-
tion of Bright's disease and other ailments previously existing, and
there was much evidence of experts indicating that this was not
attributable to the fall; and in such case passion or prejudice is
established without other evidence, and the verdict should be re-
duced to $4,000.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered December 6, 1904, upon the
verdict of a jury rendered in favor of the plaintiff for $8,000,
for personal injuries sustained in a fall from a sidewalk.
Affirmed upon condition of remitting $4,000.

*Scott Calhoun (Roberts & Leehey,* of counsel), for ap-
pellant.

*John B. Hart,* for respondent.

Root, J.—Respondent brought this action to recover dam-
ages for personal injuries sustained in falling by reason of
an unprotected and dangerous temporary sidewalk, upon
one of the public streets in the city of Seattle. From a

[1]Reported in 81 Pac. 1057.

judgment in respondent's favor in the sum of $8,000, the city appeals.

The accident occurred in the night-time of November 7, 1903. The temporary sidewalk was constructed about three feet above the old walk and, as respondent claims, without any railing, guards, signal lights, warnings, or protection of any kind to prevent a pedestrian from falling off. Respondent lived in the neighborhood and was somewhat familiar with the street, but had not been along this part of the same since the temporary walk was built. Upon the evening in question she, in company with a son and daughter, was walking along the street. It being dark and rainy, they were walking close together, endeavoring to keep under an umbrella which the son carried. While passing the temporary walk, respondent stepped or fell therefrom to the old sidewalk below.

Respondent alleges in her complaint that she was, by said injury, made sick, sore, and lame, her nervous system shattered, certain bones broken and displaced, occasioned great pain, rendered incapable of attending to her household duties, and permanently injured; and states further that "the fall was of such nature as to produce unnatural and internal bleedings, as well as a concussion of her nervous system and organization, and of her spine. As an additional result, said injuries brought on a very high and dangerous condition of Bright's disease, and also affected plaintiff's sight and vision." Respondent was forty-three years old at the time of her injury. She was engaged in keeping roomers and boarders, and was a hard-working woman, earning, she claims, from sixty to ninety dollars per month.

It is urged by appellant that the evidence shows respondent to have been guilty of contributory negligence — that the changed condition of the sidewalk was, necessarily, noticeable by anyone walking thereon, and that she could have readily seen its condition and protected herself if she had used proper care. While there is some force in part of

this contention, we think that the evidence, as a whole, upon this point, presents a question of fact for the jury. Respondent was not aware of the changed and dangerous condition of the street and consequently was not called upon to exercise that precaution required where a pedestrian knows of, or has reason to suspect, danger. Had there been railings, signal lights, or other means to protect or warn her, a different question might be presented. As to the conflict of evidence concerning the conditions that obtained at the place of the accident, it must be held that the jury's verdict is conclusive where the conflict is substantial, and there is sufficient material, competent evidence to sustain the verdict.

Appellant contends that the verdict and judgment are excessive. We think there is merit in this contention. The evidence tended to show that respondent suffered from pain in various parts of the body, bruised back, impairment of use of legs, fracture of coccyx, nervous condition, and Bright's disease. There was a doctor's bill of about $250. After falling, she immediately arose and walked on down town several blocks, did some shopping, and returned to her home, where she claims to have been confined, by the result of the accident, for about six weeks.

The principal injurious result relied upon appears to be that of Bright's disease, from which other troubles arose—respondent claiming it to be a consequence of her accident on the street, and appellant disputing this. The medical experts gave much evidence as to this condition. Respondent's family physician, placed upon the witness stand by her, testified that she was afflicted with that and other ailments prior to this accident. Other doctors, who had examined her since her fall, stated that she had Bright's disease in chronic form. Her physician made, among others, the following statement: "I think her nervous condition at this time is attributable to the fall, but the other con-

ditions I don't think have any bearing on it at all." There
was much evidence to sustain the opinion thus expressed.

Respondent is entitled to a substantial amount for pain
and suffering, to an allowance for doctor's bill, and for loss
of earning capacity and permanent injury, if any. As to
how much her earning capacity has been impaired, it is
impossible to say with any exactitude. It is impossible to
determine how much of the unfortunate condition existing
at the time of the trial was due to Bright's disease, and
the other ailments with which she was afflicted prior to her
fall on the sidewalk. That she was not a well woman is
evident. That she is not entitled to recover for results of
said prior ailments and for loss of earning capacity oc-
casioned thereby is, of course, undeniable.

It is urged by respondent that there is nothing to show
that the jury was influenced by passion or prejudice, and
that, consequently, the verdict should not be disturbed.
When a verdict of $8,000 is returned upon such evidence
as is found in this record, no further proof of passion or
prejudice should be required. To be sure, the hesitancy with
which this court will disturb a verdict is greater than that
enjoined by law upon the trial judge. But, where it is
clear that his action in upholding a verdict constitutes prej-
udicial error, this court will correct the same so far as it
can. It is impossible to announce a definite rule applicable
in all cases. But it must be borne in mind that courts
are for the purpose of administering substantial justice in
so far as the same can be approximated under the usual
forms and procedure of law; and when, in a given case,
it definitely appears that an act or omission of the jury,
or any other factor in the trial, has thwarted this purpose
and wrought an injustice, the trial court should apply a
corrective. In this case, we feel that the evidence justifies
no judgment greater than four thousand dollars.

The order of the court will be that, if the respondent,

38—39 WASH.

within thirty days from the time of the filing of this opinion, will remit from the judgment all in excess of the sum of four thousand dollars and the costs taxed in the trial court, the judgment will stand affirmed for those sums; otherwise, the judgment will be reversed and a new trial granted. In case remission is made, neither party will recover costs in this court. If not so made, costs of this court will go to appellant.

CROW, FULLERTON, and RUDKIN, JJ.,concur.