[No. 11320.   Department Two.   November 17, 1913.]

S. C. ERICKSON *et al.*, *Respondents*, v. WASHINGTON-OREGON
CORPORATION, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—PROXIMATE CAUSE—EVIDENCE—
QUESTION FOR JURY. Where there was ample room for difference of
opinion as to whether, and to what extent, operations were necessi-
tated by a previous diseased condition, whether personal injuries or
such diseased condition necessitated an operation was a question for
the jury.

MUNICIPAL CORPORATIONS—STREETS — EXCAVATIONS — LIABILITY—
ACTIONS—INSTRUCTIONS. An instruction that a person negligently
leaving an excavation in a street without proper guards is liable in
damages to any person injured thereby, if such person had no knowl-
edge thereof and was in the proper use of the street, is not prej-
udicially erroneous, where the jury was fully instructed as to
plaintiff's duty to use due care.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for
$6,000 for internal injuries sustained by a married woman 23 years
of age, which necessitated operations for the removal of her ovaries,
involving an expense of upwards of $1,000, and greatly impairing her
health, is not excessive.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered December 6, 1912, upon the verdict
of a jury rendered in favor of the plaintiffs, in an action in
tort.   Affirmed.

*Forney & Ponder*, for appellant.

*C. A. Studebaker* and *W. A. Reynolds*, for respondents.

PARKER, J.—This is an action for damages, alleged to
have, resulted to the plaintiff, Louise Erickson, from the neg-
ligence of the defendant in digging and leaving in an unpro-
tected and dangerous condition a hole in one of the public
streets of the city of Chehalis, into which she fell while walk-
ing along the street.   The trial resulted in a verdict and
judgment in favor of the plaintiff in the sum of $6,000, from
which the defendant has appealed.

[1]Reported in 136 Pac. 376.

A day or two prior to October 12, 1911, appellant dug a hole about two and one-half feet in diameter and five feet deep, in Washington avenue, in Chehalis, near the northerly side of that avenue, at a point on, or very near, a path frequently used by the public. That portion of the avenue was unimproved and unlighted at night. The hole was dug for the purpose of setting a pole for appellant's electric power line. Appellant's employees placed some brush and pieces of wood across the hole, but did not securely cover it, nor was any light placed there at night. Mrs. Erickson lived in the neighborhood and frequently passed along this path. On the evening of October 12, 1911, after it had become dark, she was returning to her home along this path from one of her neighbor's, not knowing that the hole had been dug there. She then stepped into the hole, and fell astride of one of the pieces lying across the hole, and thereby received very severe injuries, consisting of injuries to her womb and ovaries, and other internal injuries. She was incapacitated from her usual duties, was under almost constant treatment for a period of three months at her home, when it became necessary for her to go to a hospital and undergo surgical operations, resulting, among other things, in the removal of one of her ovaries and a large part of the other. Thereafter she was treated at the hospital some six weeks longer, and at the time of the trial, which occurred over a year after receiving her injuries, her health was still very materially impaired, and in such condition as to indicate that it would be so impaired indefinitely in the future. Her expense for physicians, nurse, and hospital care amounted to upwards of $1,000. She was, at the time of receiving her injuries, about twenty-three years old, was married, had one child and was in comparatively good health.

Contention is made in behalf of appellant that the evidence conclusively shows that the operations performed upon Mrs. Erickson were necessitated by reason of her preexisting physical infirmities, especially by reason of a preexisting cystic

condition of her ovaries.  Counsel for appellant seem to concede that Mrs. Erickson's injuries other than the injury to her ovaries may have been sufficiently shown to make a case for the jury, but their principal contention seems to be that the jury were moved by passion and prejudice in arriving at their verdict; and this, it is argued, is shown by conclusive proof of this preexisting cystic condition, and the evident view of the jury that she was entitled to damages measured by the injury to her ovaries as well as other injuries.  We are unable, however, to see that this presents other than a question of fact.  A review of all the evidence to which our attention has been called by counsel convinces us that there was ample room for differences of opinion as to whether, and to what extent, the operations performed upon Mrs. Erickson were necessitated by the previous cystic condition of her ovaries.  The jury could well have come to the conclusion that, notwithstanding such previous condition, even that portion of the operation was necessitated by the injuries received rather than by such previous conditions.  The jury found specially that her ovaries were not diseased in such manner prior to her injuries "so as to necessitate the operation which was performed."  This, we think, the evidence justified.

Some contention is made on behalf of appellant that the trial court should have held, as a matter of law, that appellant was not negligent, and that Mrs. Erickson's own negligence caused her injuries.  Both of these questions were for the jury.  We deem it unnecessary to review the evidence in detail here.

It is contended that the court committed prejudicial error against appellant in giving the following instruction:

"The court instructs the jury that any person or corporation who makes an excavation in a public highway or street and who carelessly and negligently fails to provide proper safe guards for the protection of the public passing along said highway or streets is liable in damages to any person injured by reason of such excavation, if such person had no

knowledge of the excavation and such person was, at the time of the injury, in the proper use of the highway or street."

It is argued that the concluding words of this instruction are prejudicial to appellant in that the element of the proper care on the part of a traveler upon the public street is not suggested therein, leaving the inference that such care would not be required of a traveler under the circumstances supposed by the instruction. It seems to us this is fully answered by references to other portions of the instructions, where we find that the court fully instructed the jury that the duty of exercising proper care was upon Mrs. Erickson, while passing along the street. It seems clear to us that this instruction is not prejudicial, especially in the light of the other instructions.

It is contended that the verdict is excessive. While it does seem large, we cannot say, as a matter of law, that it exceeds the fair measure of Mrs. Erickson's damages, in view of the expense incurred, her pain and suffering, and her impaired health. We think our views expressed in *Shaw v. Seattle*, 39 Wash. 590, 81 Pac. 1057, relied upon by counsel for appellant, do not call for reversal of this case on the ground of excessive verdict.

A review of this record convinces us that there is little else here involved than questions of fact. We do not feel called upon to discuss the cause further.

The judgment is affirmed.

CROW, C. J., MORRIS, FULLERTON, and MOUNT, JJ., concur.